IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN D. FAILS, JR., <br> TDCJ NO. 1836551, <br> (Prior NOS. 1335587, 1330335) <br> <br> Plaintiff, <br> <br> v. <br> <br> TOMMY CAGE, <br> <br> Defendant. | § § § § § § § § § § § | CIVIL ACTION H-13-1121 |

**MEMORANDUM OPINION AND ORDER**

Texas prison inmate John D. Fails, TDCJ NO. 1836551, has filed numerous prisoner civil rights action in federal courts. At least three of these suits have been dismissed as frivolous. Fails v. Basse, No. 2:09cv266 (N.D. Tex. Feb. 25, 2010); Fails v. Weston, No. 2:08cv222 (N.D. Tex. Mar. 4, 2009); Fails v. DeSheilds, No. 2:08cv88 (N.D. Tex. Apr. 10, 2009). Consequently, Fails is barred from filing any new prisoner complaints without paying the filing fee in advance unless he is in imminent danger of serious physical harm at the time the suit is filed. 28 U.S.C. § 1915(g).

In the present action Fails asserts that he was denied access to the showers and other services while he was incarcerated in the Montgomery County Jail. He complains that the denials violated his rights under the Americans with Disabilities Act and seeks injunctive relief and monetary damages. Fails is currently

incarcerated at the Larry Gist State Jail located in Jefferson County, Texas.

Fails' complaint does not show that he is in any immediate danger of serious physical harm. Moreover, his transfer from the Montgomery County Jail moots his claims for injunctive relief. Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002). Therefore, this action will be dismissed because Fails' allegations do not warrant an exception to the three strikes rule of section 1915(g). Choyce v. Dominguez, 160 F.3d 1068, 1071 (5th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).

Fails has been sanctioned ($50.00) by the United States Court for the Northern District of Texas for submitting a document in violation of Rule 11(b)(1) and (2) of the Federal Rules of Civil Procedure. Fails v. Livingston, No. 2:09cv0098 (N.D. Tex. Aug. 2, 2010). The Northern District Court noted that although Fails was proceeding without counsel he did not need legal training to understand the difference between what is true and what is false. Id. Fails was also warned that future sanctions may be imposed if he repeats the sanctioned conduct.

In the complaint filed in this action (Docket Entry No. 1, pp. 4-5), Fails denies ever being sanctioned or warned by a court. Fails' efforts to mislead and harass the judicial system cannot be overlooked. See Day v. Allstate Ins. Co., 788 F.2d 1110, 1114 (5th Cir. 1986). Therefore, the court will impose a sanction of $200

upon Fails for his continued abuse of the legal process. The TDCJ-CID Inmate Trust Fund shall place a hold on Fails' inmate trust account; deduct 20% from each deposit made to the account and forward the funds to the Clerk of this court until the entire sanction has been paid.

### Conclusion and Order

The court **ORDERS** the following:

1. The Motion to Proceed In Forma Pauperis (Docket Entry No. 3) is **DENIED**.

2. The prisoner civil rights complaint (Docket Entry No. 1), filed by John D. Fails, Jr., TDCJ No. 1836551, is **DISMISSED** without prejudice to refiling after payment of the filing fees. 28 U.S.C. § 1915(g).

3. Fails is **SANCTIONED $200** for his repetitive contumacious conduct.

4. The TDCJ-CID shall **WITHDRAW** the funds and forward them to the Clerk pursuant to the terms of this Memorandum Opinion and Order.

5. The Clerk is directed to provide a copy of this Memorandum Opinion and Order, by mail or electronic means, to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; the TDCJ-ID Inmate Trust Fund, P.O. Box 60, Huntsville, Texas 77342-0060; and the Pro Se Clerk for the United States District Court of the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 25th day of April, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE